IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYPRESS INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> MICKENS TRANSPORTATION ) <br> SPECIALISTS and DAVID K. BARREN, ) <br> Defendants. ) | Civil Action No. 17-246 <br> Judge Nora Barry Fischer |

**MEMORANDUM OPINION**

I. INTRODUCTION

This is a declaratory judgment action brought by Plaintiff-insurer Cypress Insurance Company ("Cypress") arising from the attempted collection of a default judgment of $975,000.00 entered in favor of Defendant David K. Barren ("Barren") and against Defendant-insured Mickens Transportation Specialists, ("Mickens Transportation") in state court in South Carolina. (Docket No. 1). Presently before the Court is a motion filed by Barren seeking dismissal and/or transfer of this action to the U.S. District Court for the District of South Carolina where a related action is pending. (Docket No. 6, 10). Cypress opposes the motion. (Docket No. 12). Mickens Transportation has not yet formally appeared in this case.[1] After careful consideration of the parties' positions, and for the following reasons, Barren's Motion [6] is granted to the extent that the Court will transfer this matter pursuant to the "first filed rule" or alternatively, under the discretionary transfer statute, 28 U.S.C. § 1404(a).

---

[1] The Court notes that a stipulation for extension of time to answer was filed on April 21, 2017 and is purportedly signed by James Mickens, *pro se*, on behalf of Mickens Transportation Company. (Docket No. 11). This entry has no legal effect because it is well settled that a corporation must appear in federal court via counsel of record and a non-attorney owner cannot represent a corporation *pro se. See, e.g., Goldstein v. Roxborough Real Estate LLC*, No. 15-3680, 2017 WL 462525, at *3 (3d Cir. Feb. 3, 2017) ("Corporations, including limited partnerships, may appear in federal

1

II. BACKGROUND

By way of background, the underlying state court lawsuit involved a trucking accident that occurred on August 1, 2014 in Saint Matthews, South Carolina, during which a driver employed by Mickens Transportation drove into Barren, who was walking on the grounds of a gas station, causing him substantial injuries. (Docket No. 1 at ¶¶ 7-10). As Mickens Transportation's insurer, Cypress was made aware of the accident and the potential for a claim, hiring a Georgia-based company, Bridgewater, as its investigator. (*Id.* at ¶ 13). Mickens Transportation was served with the lawsuit but apparently did not timely respond to the state court action. (*Id.* at ¶¶ 22-27). At a default judgment hearing, a state court in South Carolina awarded $975,000.00 in damages in favor of Barren and against Mickens Transportation. (*Id.* at ¶ 30). James Mickens apparently appeared at the hearing without counsel and testified. (*Id.* at ¶ 29). Thereafter, Barren sought to collect the judgment from Cypress and much litigation has ensued, with one of the central disputes being whether Mickens Transportation and/or Barren notified Cypress of the underlying lawsuit, the default or the default judgment hearing. (*Id.* at ¶ 47).

At present, there is litigation surrounding this default judgment in three different courts: (1) the removed case in the United States District Court for the District of South Carolina at Docket Number 5:17-cv-00772 which was filed initially by Barren in state court on February 20, 2017 and where Cypress has counterclaims pending; (2) this federal case filed by Cypress on February 24, 2017, where Cypress has claims pending; and, (3) the underlying state court action where on February 27, 2017, counsel entered an appearance for Mickens Transportation and moved to set aside the default judgment and Cypress also moved to intervene into the proceedings, both of which

---

court only through counsel.") (citations omitted); 28 U.S.C. § 1654.

are pending. All three of these actions taken by Cypress have the same general goal, i.e., to set aside the default judgment and avoid paying the $975,000.00 default judgment against its insured, Mickens Transportation.

Notably, Cypress admits that the declaratory judgment claims raised in this case are <u>identical</u> to the counterclaims it has now asserted in federal court in South Carolina. (*See* Docket No. 12 at 12 "Out of an abundance of caution, Cypress had filed as counterclaims in South Carolina all the claims it first raised in this action (and will file similar counterclaims in response to the amended complaint), although Cypress prefers to have the dispute heard in this Court."). In both federal cases, Cypress seeks declaratory judgments of: (1) late notice in that Mickens Transportation did not notify it of the underlying state court action to which Mickens Transportation did not timely respond and that resulted in the default judgment; (2) the MCS-90 endorsement requiring that the insurer pay any judgment should not be enforced as to the default judgment obtained in the South Carolina state court matter; and (3) extrinsic fraud in procurement of the judgment by Barren and Mickens Transportation. (Docket No. 1). As noted, it appears that the state court in South Carolina has not yet issued a decision on the motion to set aside the default judgment filed by Mickens Transportation or the motion to intervene filed by Cypress. *See David K. Barren v. Mickens Transportation Specialists, Inc.*, Case No. 2015-CP-0900135, (C.P., Calhoun Cty., S.C.).

With respect to the present matter, Cypress seeks to invoke the diversity jurisdiction of this Court under 28 U.S.C. § 1332(a)(1) as well as the Court's authority to declare the parties' rights under the Declaratory Judgment Act, 28 U.S.C. § 2201. (*Id.* at ¶ 1). The parties are diverse as Cypress is a citizen of Nebraska and California; Mickens is a citizen of Georgia; and Barren is a citizen of Pennsylvania. (*Id.* at ¶¶ 1-3). The matter in controversy exceeds $75,000.00 because the

3

action seeks to invalidate the state court judgment of $975,000.00. (*Id.* at ¶¶ 5, 47).

Barren filed the pending motion to dismiss/transfer and his brief in support on March 31, 2017. (Docket Nos. 6; 10). Cypress responded by filing its brief in opposition on April 21, 0217. (Docket No. 12). The Court considers the matter fully briefed and ripe for disposition.

III. DISCUSSION

Turning to the applicable legal standards, the determinations of whether to dismiss or transfer a case under the "first filed rule" or to transfer a matter under 28 U.S.C. § 1404(a) are committed to the sound discretion of the trial court. *See Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 220 (3d Cir. 2016) (district court has discretion to transfer matter under first filed rule); *Ogundoju v. Attorney General of U.S.*, 390 F. App'x. 134, 137 n.2 (3d Cir. 2010) (district court has discretion to transfer matter under 1404(a)). It is this Court's opinion that it is an appropriate exercise of discretion to transfer this case to the District of South Carolina under both legal principles. *Id.* It will be up to the presiding Judge in South Carolina to determine whether it is appropriate to: stay the federal declaratory judgment claims/counterclaims in favor of the pending state court litigation to set aside the judgment; dismiss the action under Rule 12(b)(6); or decline to exercise jurisdiction over the matter under the Declaratory Judgment Act. The Court briefly turns to its rationale supporting the decision to transfer this duplicative and subsequently filed case to South Carolina.

It is well-established that courts have broad discretion to manage cases in an effort to avoid wasteful and duplicative litigation. *See, e.g., Colorado River Water Cons. Dist. v. United States*, 424 U.S. 800, 817 (1976). The recent amendments to Rule 1 of the Federal Rules of Civil Procedure should make clear that the parties share the responsibilities with the Court to "secure the just, speedy, and inexpensive determination of every action and proceeding." *See* FED. R. CIV. P. 1 (eff. Dec. 1,

2015). In this regard, the "first-filed" rule "is a comity-based doctrine stating that when duplicative lawsuits are filed successively in two different federal courts, the court where the action was filed first has priority." *Chavez*, 836 F.3d at 210. "A district court applying the first-filed rule has the ability to 'enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court.'" *Sinclair Cattle Co. Inc., v. Ward*, 80 F. Supp. 3d 553, 558 (M.D. Pa. 2015) (quoting *EEOC v. Univ. of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988)). "[I]n the vast majority of cases, a court exercising its discretion under the first-filed rule should stay or transfer a second-filed suit." *Chavez*, 836 F.3d at 220.

Here, there is no dispute that Barren's state court lawsuit which is now pending in the District of South Carolina was the first filed action. (Docket Nos. 10; 12). In addition, Cypress admits that its claims in this lawsuit and its counterclaims in the South Carolina suit are <u>identical</u> and this Court's review of both pleadings confirms same. (*See* Docket Nos. 1; 12). Despite this admission, Cypress attempts to avoid the application of the doctrine by arguing that the action filed first by Barren which is now pending in South Carolina federal court is an "anticipatory suit" and/or should be precluded based on the alleged inequitable conduct of Barren that form the basis for Cypress' claims in this lawsuit. (*Id.*). Neither position is persuasive to this Court.

Relevant here, "a suit is 'anticipatory' for the purposes of being an exception to the first-to-file rule if the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the [opposing party] was imminent." *Ward*, 80 F. Supp. 3d at 561 (quoting *Pittsburgh Logistics Sys., Inc. v. C.R. England, Inc.*, 669 F. Supp. 2d 613 (W.D. Pa 2009)). But, Barren's declaratory judgment suit was not "anticipatory" in this context because it was filed in response to the attached letter from Cypress' counsel dated January 26, 2017 which made no mention of filing

5

this federal declaratory judgment action. (*See* Docket No. 12-2). Rather, the substance of the letter advises only that Cypress believed that there was a sufficient basis under the South Carolina Rules of Civil Procedure to set aside the default judgment in state court, provides citations to caselaw in a purportedly analogous situation, and asks that Barren's counsel voluntarily set aside the default judgment. (*Id.*). If anything, Barren's lawsuit was anticipatory as to the forthcoming motion to set aside the default judgment, which was filed by Mickens Transportation – presumably after being appointed counsel by Cypress – a few days later in South Carolina state court. *See Ward*, 80 F. Supp. 3d at 561. In short, this Court finds nothing inequitable about Barren filing the declaratory judgment suit in the same court where the default judgment was issued and where he expected a motion to set it aside would be lodged. To the contrary, Cypress' filing of this lawsuit against its own insured in a foreign forum with little connection to the parties' disputes – days after its counsel received Barren's state court lawsuit – appears to be the result of Cypress' forum-shopping in an effort to find a more favorable jurisdiction. *Cf. CollegeSource, Inc. v. AcademyOne, Inc.*, 597 F. App'x 116, 122 (3d Cir. 2015) ("application of the first-filed rule at the insistence of the party filing essentially identical actions in multiple jurisdictions, like CS did here, may foster forum or judge shopping.").

The Court further believes that the allegations underlying the parties' claims and defenses (including the claim that the default judgment was fraudulently procured) have no real bearing on the above application of "first filed" rule after considering the totality of the circumstances. In addition, as the Court has already noted, this case is simply not ripe for litigation as out-of-state defendant Mickens Transportation – Cypress' insured – does not yet have counsel. Again, its principal is not permitted to represent the company *pro se* as is suggested by the stipulation that was filed. *See,*

6

*Goldstein*, 2017 WL 462525, at *3.

While Cypress suggests that a stay of this action would be a more appropriate application of the "first filed" rule, this Court disagrees. It appears that staying this action would serve no meaningful purpose given the identical nature of the claims brought by Cypress in the two federal fora and the only reason to stay this case on the Court's docket would be to preserve Cypress' ability "to possibly achieve a proverbial second bite at the apple while arguing its case to two different federal judges. But, '[n]o party has a vested right to have his cause tried by one judge rather than by another of equal jurisdiction.'" *In re Pittsburgh Corning Corp.*, No. 03-35592 JKF, 2012 WL 2368388, at *4 (W.D. Pa. June 21, 2012) (quoting *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941)). All told, it is this Court's opinion that it is in the interests of judicial economy for this litigation to proceed before a single District Judge in the appropriate forum. *See U.S. ex rel. Frank M. Sheesley Co. v. St. Paul Fire & Marine Ins. Co.*, 239 F.R.D. 404, 415 (W.D. Pa. 2006) ("Judicial economy is not a principle that operates exclusively to the courts' advantage. Litigants also benefit when the consolidation of related actions results in the most expedited determination of debts and liabilities."). Accordingly, the Court will heed the advice of the Court of Appeals and transfer the matter to the U.S. District Court for the District of South Carolina. *See Chavez*, 836 F.3d at 220.

Alternatively, the Court would exercise its discretion to transfer the matter under the discretionary transfer statute, 28 U.S.C. § 1404(a)[2] after a careful weighing of the relevant private and public factors set forth in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995). As it

---

[2] Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

7

has done on several occasions, the Court has weighed each of those factors[3] and finds that a transfer to South Carolina is a fair and appropriate exercise of its discretion. *See, e.g., Washington Frontier League Baseball, LLC v. Frontier Professional Baseball, Inc.*, Civ. A. No. 16-1556, 2017 WL 565001 (W.D. Pa. Feb. 13, 2017).

The most relevant of the private *Jumara* factors supporting the transfer are that the declaratory judgment claims arose from actions (and/or inactions) that took place entirely within the state of South Carolina, by Barren's counsel who practices in that state; the underlying tort involved in the personal injury case occurred within South Carolina; and, the federal court in South Carolina is clearly convenient to the parties and witnesses, all of whom are present there and litigating related disputes in the federal and state courts. *Cf. Turner Construction Co. v. Independence Excavating, Inc.*, Civ. A. No. 16-337, 2016 WL 1408120, at *1 (W.D. Pa. Apr. 11, 2016) (active litigation in other district and area where claims arose weigh in favor of transfer). Cypress' forum preference is given little weight because it is an out-of-state company that appears to have no business connection to the Commonwealth or this District, and the only proffered reason for its decision to file the case here is that Barren lives in Allegheny County, a fact that is tangential to the litigation, at best. *See Ward*, 80 F. Supp. 3d at 564 (plaintiff's choice of forum given less weight when it is outside of the plaintiff's state of residence and unrelated to the claims at issue). The other factors are neutral but the overall weighing of the private factors strongly favors a transfer to South Carolina. *See Jumara*, 55 F.3d at 883.

---

[3] The relevant private interests include: (1) each party's forum preference; (2) where the claims arose; (3) the convenience of the parties; (4) the convenience of the witnesses; and (5) the location of the books and records. *Jumara*, 55 F.3d at 879. The cited public interests include: (1) the enforceability of the judgment; (2) practical considerations of expediting trial and reducing costs; (3) administrative difficulties in the two fora due to court congestion; (4) the local interest in deciding local controversies; (5) public policies of the fora; and (6) the familiarity of the trial judge with the

Many of the public *Jumara* factors likewise support the requested transfer. *See Jumara*, 55 F.3d at 879. To this end, the case involves a challenge to a state court default judgment and an alleged fraud committed on the state court in South Carolina, making it a local controversy that should be decided by the courts in that area and not one several states away as would be the case if this Court presided over the matter in Pittsburgh. *Id.* Of course, the potentially applicable South Carolina laws at issue are certainly familiar to the federal courts in South Carolina. *Id.* It would also be less costly to the parties to proceed in the South Carolina litigation, as both Barren and Cypress have had to engage separate counsel to represent their respective interests in this Court and Mickens Transportation would also be required to do so if this matter proceeded here. *See* Civ. A. No. 17-246, *Docket Report*.

Finally, as this Court has stated previously, this District is presently operating with four empty District Judge seats, out of a total of ten seats, with three of those seats being vacant for a number of years. *See Sloane v. Gulf Interstate Field Services, Inc.*, Civ. A. No. 15-1208, 2016 WL 4010965, at *8 (W.D. Pa. Jul. 27, 2016) (noting in July of 2016 that three seats had been vacant for three years). It is unknown when the vacancies may be filled and it is likely that there will be another vacancy on this Court in the near future. A review of the statistics produced by the Administrative Office of the United States Courts indicates that there are two empty District Judge seats in the District of South Carolina out of a total of ten seats. *See Federal Court Management Statistics, September 2016, available at:* http://www.uscourts.gov/statistics-reports/federal-court-management-statistics-september-2016 (last visited 4/28/17). Thus, because the judicial seats in this District are staffed at a rate of sixty percent (60%) and the District of South Carolina is at eighty percent (80%)

---

applicable state law. *Id.*

this factor similarly weighs in favor of the transfer, although it is not dispositive.  *Cf. Washington*, 2017 WL 565001, at *3.  The remaining public factors are neutral and require no further evaluation.  However, like the private factors, this Court's weighing of all of the facts and circumstances under the public *Jumara* factors also supports the transfer.  *See Jumara*, 55 F.3d at 879.

IV. CONCLUSION

Based on the foregoing, Barren's Motion [6] is granted to the extent that a transfer will be ordered.  An appropriate Order transferring this matter to the U.S. District Court for the District of South Carolina follows.

        *s/Nora Barry Fischer*
        Nora Barry Fischer
        United States District Judge

Dated:  April 28, 2017

cc/ecf:  All counsel of record.

    Clerk of Court
    U.S. District Court for the District of South Carolina, Orangeburg Division